The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ANTONIO JOHNSON and OLIVIA PULOKA,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA DEBT RECOVERY, LLC, dba GENESIS<br><br>Defendant. | CASE NO. 2:20-CV-00573-RSM<br><br>COLUMBIA DEBT RECOVERY'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>NOTED FOR NOVEMBER 27, 2020 |

## I. RELIEF REQUESTED

Plaintiff brings this action under the Fair Debt Collection Practices Act and Washington Consumer Protection Act alleging that Columbia Debt Recovery, LLC used unfair and unconscionable means to collect amounts not owed. The Plaintiff has failed to include an indispensable party pursuant to Fed. R. Civ. P 19. Partial Summary Judgment should be denied.

## II. NATURE OF PROCEEDING

As they now admit in their motion for Partial Summary Judgment, *Dkt. 9, p. 3*, Plaintiffs failed to pay all amounts due under their Lease. Columbia Debt Recovery, LLC

COLUMBIA DEBT RECOVERY'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

2: 20-CV-00573-RSM

Mark T. Case, WSBA 38589
P.O. Box 30131
Spokane, Wa 99223
Tel: (425) 890-2817
Email: markcaselaw@gmail.com

(hereinafter "CDR"), assignee of the landlord/property manager FSC Linden Square Associates (hereinafter Linden Square), sought to obtain payment of the account. Defendant stipulates that during one phone conversation, CDR's agent incorrectly advised Plaintiff Johnson that a judgment had been entered against him and that a garnishment was in process. The determination of whether those statements constitute a violation or if they are subject to a bona fide error defense should be where this motion begins and ends.

Instead, Plaintiff's motion is verbose and full of hyperbole that is largely irrelevant to the issues before this court. The majority of plaintiff's nineteen page motion for summary judgment and alleged violations are predicated on the idea that CDR was attempting to collect "numerous charges, fees, and interest that it knew were totally unsubstantiated and without basis" as well as that CDR "reported a debt comprised of fake charges, fees, and costs that were not owed to Plaintiffs' credit." *Dkt. 9 p. 14.* In fact, plaintiff spends two pages itemizing "charges and an accompanying list of reasons these amounts obviously could not be owed." *Dkt. 9 pg 6.* Unfortunately for plaintiffs, the question of whether the debt is owed, and the amount that is owed is not before this court. CDR is a third-party debt collector who makes no determination as to the validity of the charges assessed against Plaintiffs by Linden Square. Now plaintiffs improperly request those determinations be made in this action against CDR when Linden Square is not a party. Had Plaintiffs wanted those questions adjudicated, they were required to have joined Linden Square to this action pursuant to Fed. R. Civ. P 19(a). Thus, with respect to any claims pertaining to the underlying debt and the amount, Plaintiffs motion must be denied.

COLUMBIA DEBT RECOVERY'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

2: 20-CV-00573-RSM

Mark T. Case, WSBA 38589
P.O. Box 30131
Spokane, Wa 99223
Tel: (425) 890-2817
Email: markcaselaw@gmail.com

The issues before the Court are two-fold: Should plaintiffs have joined Linden Square to this action since they predicating their claims on the idea that CDR was collecting amounts not owed; and was the false statement that a judgment had been entered, actionable under federal or state law when plaintiffs were likely aware that no judgment had in fact been entered?

### III. ISSUES PRESENTED

1. Does CDR have a duty to independently investigate the claim of Linden Square?

2. Were Plaintiff's required to join Linden Square to this action when they asserted violations predicated on a matter not previously adjudicated or properly before this court?

3. Did the November 26, 2019 telephone call stating that a judgment and garnishment had been entered against plaintiffs result from a bona fide error?

4. Does Ms. Poluka have standing to assert a violation when the statements at issue were made to Mr. Johnson and not her?

### V. ARGUMENT AND AUTHORITIES

**1. Summary judgment standard.**

Plaintiffs cannot meet their burden for an award of Partial Summary Judgment. Summary Judgment is proper when the pleadings, discovery and disclosure materials and any affidavits show that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P 56(c).   In determining whether an issue of fact exists, **the Court must view all evidence in the light most**

COLUMBIA DEBT RECOVERY'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

2: 20-CV-00573-RSM

Mark T. Case, WSBA 38589
P.O. Box 30131
Spokane, Wa 99223
Tel: (425) 890-2817
Email: markcaselaw@gmail.com

**favorable to the nonmoving party** and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996) (Emphasis supplied). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson,* 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-252. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson,* 477 U.S. at 250. Only if the nonmoving party fails to establish the existence of a genuine issue of material fact is the moving party entitled to judgment as a matter of law. *Celotex,* 477 US at 323-24.

Viewed in a light most favorable to CDR, the evidence sustains its position that there remain genuine material issues of fact pertaining to the amount of the underlying debt as well as Plaintiff's reliance on CDR's statements.

**2.    CDR did not have a duty to investigate the debt assigned.**

Plaintiff asserts that CDR violated 15 USC 1692e and 1692f by attempting to collect amounts not owed.  The Ninth Circuit precedent with respect to the duty of a debt collector to investigate a debt issue could not be clearer: **a debt collector does not have a duty to independently investigate claims presented by creditor**. *Landaker v. Bishop, White Marshall & Weibel*, 2012 U.S. Dist. LEXIS 171985, *10-11 (W.D. Wash. Dec. 4,

COLUMBIA DEBT RECOVERY'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

2: 20-CV-00573-RSM

Mark T. Case, WSBA 38589
P.O. Box 30131
Spokane, Wa 99223
Tel: (425) 890-2817
Email: markcaselaw@gmail.com

2012) (citing *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Moonflower v. Columbia Debt Recovery*, 2019 U.S. Dist Lexis 19344, pp 5-8). CDR had no reason to believe the debt was inaccurately stated when it sent communications or called Plaintiff, and Plaintiff presents no evidence to the contrary.

The Ninth Circuit in *Clark* relied upon *Ducrest v. Alco Collections,* 931 F. Supp 459 (M.D. LA., 1996), the facts of which are nearly identical to this case. There, the Defendant sought repayment of charges assessed against the Plaintiff after she moved from leased premises. The charges consisted of damage to the apartment, a pet deposit, lost keys and cleaning of the apartment. Plaintiff argued that the FDCPA had been violated because the charges were not due. The debt collector argued that the amount was due and that it was entitled to rely on its client in demanding payment. The issue before the court was "whether the defendant in this case could be liable under the FDCPA where it has relied on the representations of its client, a purported creditor, as to the amount and validity of a debt owed to that creditor." *Id.* at p. 461. Relying on the Ninth Circuit in *Baker v. GC Services Corp*, 677 F.2d 775, 777 (9th Cir., 1982), the *Ducrest* court noted that the FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt actually exists:

> The basis of plaintiff's claim under the FDCPA should be that defendant has acted unscrupulously in attempting to collect the debt not that the debt collector is attempting to collect a debt she doesn't owe. The validity of the debt would only be at issue if this were a suit by defendant to collect the debt. The focus of this inquiry is the debt collectors conduct.
>
> Remembering the object of the FDCPA, and reading it as a whole, to state a claim under section 1692e(2) plaintiff would have to show that defendant knowingly misrepresented the character, amount or legal status of a debt. . . .

COLUMBIA DEBT RECOVERY'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

2: 20-CV-00573-RSM

Mark T. Case, WSBA 38589
P.O. Box 30131
Spokane, Wa 99223
Tel: (425) 890-2817
Email: markcaselaw@gmail.com

A debt collector should be able to rely on the representation and implied warranty from its client that the amount was due under either the lease or the law. The FDCPA does not require an independent investigation of information provided by clients when a debt collector tries to collect the debt, nor does it require the debt collector to dispute the creditor's construction of a contract. *Id* at p.462.

Like the *Ducrest* case, *Anderson v. Canyon State Professional Services,* 2003 US Dist. Lexis 26419 (D. Az), involved a landlord-tenant dispute. Following termination of the lease, the landlord assigned a debt to a debt collector. The Plaintiff tenant disputed the obligation. The debt collector provided written confirmation of the debt, including a copy of the lease and the statement of security deposit. The Plaintiff argued that the debt collector was obligated by the FDCPA to interpret the residential lease and provide evidence that the amount claimed was the amount owed. The court held that "Plaintiff's argument fails because the FDCPA does not require debt collectors to independently review the validity of creditor's debts if the creditor confirms the terms of the debt." *Anderson v. Canyon State Prof'l Servs.,* No. CIV 03-428 PHX JWS, 2003 U.S. Dist. LEXIS 26419, at *16 (D. Ariz. Aug. 27, 2003). The court focused on whether the debt collector complied with requests for written verification:

> Since neither the FDCPA nor case law impose an obligation on debt collectors to pour through the agreement establishing the debt or to otherwise ascertain the correct interpretation of those terms in spite of the creditor's written verification, the court does not need to interpret the lease agreement or Arizona law to determine whether the amount charged is actually authorized by the agreement or permitted by law. At the most basic level, this case is between the plaintiff-lessee and defendants debt collectors, whereas the dispute regarding the amount is between plaintiff and creditor. *Anderson v. Canyon State Prof'l Servs*., No. CIV 03-428 PHX JWS, 2003 U.S. Dist. LEXIS 26419, at *21-22 (D. Ariz. Aug. 27, 2003) [21-22]

While the foregoing cases may have been decided under other provisions of the FDCPA, they are unanimous in their holding that a debt collector does not have an

COLUMBIA DEBT RECOVERY'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

2: 20-CV-00573-RSM

Mark T. Case, WSBA 38589
P.O. Box 30131
Spokane, Wa 99223
Tel: (425) 890-2817
Email: markcaselaw@gmail.com

independent duty of investigation nor does it have a duty to act as a finder of fact with respect to the validity of the creditor's claims versus the consumer's contentions. Here, the Plaintiffs brought their action under 15 USC 1692e and 1692f and one of the issues before the Court is whether CDR was attempting to collect an amount not owed.  There is nothing to suggest that the information provided to CDR was false and CDR was entitled to rely on the records and representations of Linden Square.

### 3. Plaintiff failed to join an indispensable party, Linden Square.

Plaintiff's motion for partial summary judgment seeks a finding that CDR demanded money from plaintiffs that was not owed, calculated interest on amounts not owed, and reported these amounts not owed to Plaintiffs credit. Issue pertaining to jurisdiction, diversity and amount in controversy aside for the moment, the question of whether the underlying debt is owed is **not** before this court. CDR is not the creditor and CDR did not asses the charges that Plaintiffs so vigorously dispute. For Plaintiffs to receive adjudication that the amounts CDR attempted to collect were not owed, Plaintiffs would have had to join Linden Square to this action but failed to do so. As noted above, in a FDCPA action the conduct of the debt collector is at issue, not the validity of the debt they are attempting to collect. *Ducrest at 462.*

Application of Federal Rule of Civil Procedure 19 determines whether a party is indispensable. The inquiry is a practical, fact-specific one, designed to avoid the harsh results of rigid application. *Dawavendewa v Salt River Project Agricultural Improvement and Power District*, 276 F.3d 1150 (9th Cir. 2002). The Court must determine: (1) whether an absent party is necessary to the action; and then, (2) if

COLUMBIA DEBT RECOVERY'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT - 7

2: 20-CV-00573-RSM

Mark T. Case, WSBA 38589
P.O. Box 30131
Spokane, Wa 99223
Tel: (425) 890-2817
Email: markcaselaw@gmail.com

the party is necessary, but cannot be joined, whether the party is indispensable such that in "equity and good conscience" the suit should be dismissed. *Confederated Tribes v. Lujan,* 928 F.2d 1496, 1498 (9th Cir.1991).

In determining if a party is necessary, the court must consider whether, in their absence, complete relief can be accorded. *Shermoen v. United States,* 982 F.2d 1312, 1317 (9th Cir.1992). Here, even if Plaintiffs are ultimately victorious with respect to the November 26th phone call, they cannot be accorded complete relief because they are requesting a determination that amounts sought and reported by CDR are not owed. CDR did not impose these amounts, rather the charges that Plaintiffs assert give rise to violations were assessed by Linden Square. A judgment against CDR stating that amounts are not owed would not be binding on Linden Square which in theory could continue to pursue Plaintiffs for the monies owed. Therefore, Linden Square is a necessary party to this action as a result of the relief sought by Plaintiffs.

The next question becomes whether Linden Square can be joined. In the Joint Status Report *Dkt. 7* the parties agreed to join additional parties no later than October 22, 2020. Plaintiff filed this motion *Dkt.* 9 seeking a determination that amounts demanded and reported were not owed on November 5, 2020 without joining Linden Square. T

Proceeding without Linden Square is prejudicial to both CDR and Linden Square. It is prejudicial against CDR because CDR potentially bears the liability for charges it did not impose upon Plaintiffs, which as explained above, was reasonable to rely on when attempting to collect the debt. It would be potentially prejudicial against Linden Square if Plaintiffs used a ruling in their favor to then initiate an action against Linden Square for

COLUMBIA DEBT RECOVERY'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT - 8

2: 20-CV-00573-RSM

Mark T. Case, WSBA 38589
P.O. Box 30131
Spokane, Wa 99223
Tel: (425) 890-2817
Email: markcaselaw@gmail.com

making improper charges when Linden Square did not have the opportunity to substantiate the various charges and fees the court could rule absent their involvement in this action.

**4. The statement that a judgment had been entered and garnishment was in place was the result of a bona fide error.**

If the court does conclude that the statements made to plaintiff Johnson during the November 26, 2019 phone call amount to a violation of the FDCPA, such communication was the result of a bona fide error. As such, CDR is not liable to the plaintiff. The FDCPA ordinarily does not require proof of intent and is a strict liability statute. *Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1061 (9th Cir. 2011). However, the FDCPA includes a "narrow exception to strict liability" for bona fide errors. *Clark v. Capital Credit & Collection Servs., Inc.,* 460 F.3d 1162, 1177 (9th Cir. 2006) (discussing 15 U.S.C. § 1692k(c)).

To be eligible for the bona fide error defense, "the defendant must prove that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation." *McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 637 F.3d 939, 948 (9th Cir. 2011). The debt collector bears the burden of proving this affirmative defense by a preponderance of the evidence. *Reichert v. Nat'l Credit Sys., Inc.,* 531 F.3d 1002, 1006 (9th Cir. 2008); 15 U.S.C. § 1692k(c). The bona fide error defense **embraces both clerical and factual errors**. *Owen v. I. C. Sys., Inc.,* 629 F.3d 1263, 22 Fla. L. Weekly Fed. C 1653 (11th Cir. 2011). The defense "does not require debt collectors to take every conceivable precaution

COLUMBIA DEBT RECOVERY'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT - 9

2: 20-CV-00573-RSM

Mark T. Case, WSBA 38589
P.O. Box 30131
Spokane, Wa 99223
Tel: (425) 890-2817
Email: markcaselaw@gmail.com

to avoid errors, it only requires reasonable precaution." *Charbonneau v Asset Acceptance, LLC,* 611 F.Supp.2d 736, 743 (E.D.Mich. 2009)

"A debt collector need only show that its FDCPA violation was unintentional, not that its actions were unintentional." *Kort v. Diversified Collection Servs.*, Inc., 394 F.3d 530, 537 (7th Cir. 2005); see also *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1231 (E.D. Cal. 2010); *Isham v. Gurstel, Staloch & Chargo, P.A.,* 738 F. Supp. 2d 986, 998 (D. Ariz. 2010). "To satisfy the 'bona fide error' prong, the debt collector must demonstrate that the error was a genuine mistake, not a contrived mistake." *Isham,* 738 F. Supp. 2d at 998 (citing *Kort,* 394 F.3d. at 538).

Here, after paying October 2017 rent late, Plaintiffs had failed to pay their November 2017 rent and Linden Square initiated an unlawful detainer action against them. The unlaw detainer was dismissed by Linden Square when plaintiffs voluntarily vacated the premises. The agent mistakenly thought that the unlawful detainer had proceeded to judgment and then garnishment. The error was unintentional and made in good faith. Mr. Johnson called back the following day and was provided the court and case number of the action initiated by Linden Square, thereby allowing him to check the court file and see that no judgment had been entered and subsequently no garnishment was initiated.

The court must next look to the procedures CDR employed and whether they were "reasonably adapted to avoid" the error that occurred." *Wilhelm v Credico,* 519 F.3D 416 (8th Cir. 2008). In *Wilhelm,* the 8th Circuit Court of Appeals upheld the dismissal of a FDCPA claim stemming from a letter which stated an incorrect amount of interest because

COLUMBIA DEBT RECOVERY'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT - 10

2: 20-CV-00573-RSM

Mark T. Case, WSBA 38589
P.O. Box 30131
Spokane, Wa 99223
Tel: (425) 890-2817
Email: markcaselaw@gmail.com

the violation was unintentional and caused by bona fide error of clerical or data entry nature.

> "The affidavits and supporting documents establish that Credico's employees received specific instructions to segregate principal and interest in setting up the accounts received from Pinnacle so as to avoid charging interest on interest. The procedures were not as elaborate as those in some cases that have upheld a bona fide error defense, but the error to be avoided in this case was not complex. In these circumstances, we agree with the district court that Credico was entitled to summary judgment dismissing this claim because a reasonable jury could only conclude that Credico's procedures were reasonably adapted to avoid such errors." *Wilhelm*, at 421.

Here, CDR's agent misinterpreted a prior note on her computer screen and thought a judgment had been entered. She was not trying to deceive Mr. Johnson, rather she was simply mistaken. No policy or procedure would have changed the mistake that occurred here. CDR maintains ongoing training and testing to ensure that its employees are familiar with the requirements of the FDCPA. CDR has a designated compliance department and a training department that oversee training, application, and implementation of safeguards to ensure compliance with the FDCPA.

All of the facts support CDR's assertion of the bona fide error defense. The error was unintentional and not complex. A reasonable jury would believe that CDR's instruction and training were reasonably adapted to prevent such errors.

### 5. CDR never spoke to Ms. Puloka who has no standing for statements made to Mr. Johnson.

The parties agree that Mr. Johnson was incorrectly advised that a judgment and garnishment had been entered against him during the November 26, 2019 phone call. Ms. Puloka was not a party to that call and CDR has no record of speaking to her. Ms. Puloka

COLUMBIA DEBT RECOVERY'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT - 11

2: 20-CV-00573-RSM

Mark T. Case, WSBA 38589
P.O. Box 30131
Spokane, Wa 99223
Tel: (425) 890-2817
Email: markcaselaw@gmail.com

does not allege that she was told by CDR that a judgment and garnishment had been entered against her.

Mr. Johnson called CDR the following day, November 27th and spoke to a different agent. He asked that CDR provide him the case number and the court where CDR mistakenly thought a judgment had been entered, which was provided. While the agent was searching for that information, he asked Mr. Johnson to verify his and Ms. Puloka's place of employment. In response to the question regarding Ms. Puloka's employment, Mr. Johnson stated "I'm not sure what she is doing nowadays." CDR's agent asked him if they were still "together" and Mr. Johnson indicated they were not. Mr. Johnson now claims that this response was not truthful, however his motives for now claiming that are suspect and bellied by the written record of the call. If Plaintiffs were no longer in a relationship, then Ms. Puloka would have no reason to know what was said to Mr. Johnson and thus no claim against CDR. Instead, both Plaintiff have submitted specious, self-serving declarations designed to manufacture a claim that is otherwise not there.

Had either Plaintiff's wages been being garnished they would have been advised upon service of the writ to their employer. Neither Plaintiffs allege that anyone garnished their wages. Additionally, Mr. Johnson was provided the case number as he requested so he could presumably verify that no judgment had been entered. As Mr. Johnson and counsel of record in this case have previously filed a FDCPA claim against another debt collector, it is highly likely that Mr. Johnson was in contact with his attorneys all along and knew full well that no judgment was entered and no writ of garnishment had been served.

COLUMBIA DEBT RECOVERY'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT - 12

2: 20-CV-00573-RSM

Mark T. Case, WSBA 38589
P.O. Box 30131
Spokane, Wa 99223
Tel: (425) 890-2817
Email: markcaselaw@gmail.com

## V. **CONCLUSION**

Plaintiffs have not shown they are entitled to Partial Summary Judgment as requested in their motion. The amount CDR attempted to collect is the amount the creditor stated is owed. Plaintiffs are requesting adjudication of the underlying debt in their favor when the creditor, who is an indispensable party is absent from the litigation. The incorrect information provided to Mr. Johnson was an honest mistake that was never relied on and does not extend to Ms. Puloka. CDR requests that the Motion for Partial Summary Judgment be denied and that the case be dismissed.

Respectfully submitted this 23rd day of November 2020.

COLUMBIA DEBT RECOVERY, LLC


/s/ Mark T. Case_____
Mark T. Case, WSBA #38589
Attorney for Defendant
PO Box 30131
Spokane, WA 99223
Telephone: 425 890-2817
Email: markcaselaw@gmail.com

COLUMBIA DEBT RECOVERY'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT - 13

2: 20-CV-00573-RSM

Mark T. Case, WSBA 38589
P.O. Box 30131
Spokane, Wa 99223
Tel: (425) 890-2817
Email: markcaselaw@gmail.com

# CERTIFICATE OF SERVICE

I certify under penalty of perjury of the laws of the State of Washington that on the date set forth below, I caused to be served true and correct copies of the forgoing to the parties listed below:

| Name and Address of Party Served | Method of Service: |
|---|---|
| T. Tyler Santiago, WSBA #46004<br>Anderson Santiago<br>787 Maynard Ave. S<br>Seattle, WA. 98104<br>206-395-2665<br>Email: tyler@alkc.net<br><br>Jason Anderson, WSBA #38014<br>Anderson Santiago<br>787 Maynard Ave. S<br>Seattle, WA. 98104<br>206-395-2665<br>Email: jason@alkc.net<br>Attorneys for Plaintiff<br><br>*Attorneys for Plaintiffs* | ☐ Personal Service<br>☐ First Class US Mail<br>☐ Certified Mail<br>☒ Electronic Mail<br>☐ Facsimile<br>☐ Legal Messenger |

Dated this 23rd day of November 2020.

/s/ Mark T. Case
Mark T. Case, WSBA #38589
Attorney for Defendant

COLUMBIA DEBT RECOVERY'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT - 14

2: 20-CV-00573-RSM

Mark T. Case, WSBA 38589
P.O. Box 30131
Spokane, Wa 99223
Tel: (425) 890-2817
Email: markcaselaw@gmail.com