The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTONIO JOHNSON AND OLIVIA PULOKA, | NO.  2:20-cv-00573-RSM |
| Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| COLUMBIA DEBT RECOVERY, LLC dba GENESIS CREDIT MANAGEMENT, LLC, | NOTE ON MOTION CALENDAR: |
| Defendant. | November 27, 2020 |

## I.      <u>INTRODUCTION</u>

Genesis (A) made false statements to Plaintiffs about a nonexistent judgment, and (B) demanded money that **<u>its own records demonstrate was not owed</u>**.  This violates the FDCPA and WCAA/CPA.  Plaintiffs have provided definitive evidence establishing these violations.  The burden on summary judgment thus shifts to Defendant Genesis.

In response, Genesis provided no evidence at all.  Instead, it poses various hypotheticals and the general, unsupported musings of its counsel that have absolutely no bearing on Plaintiffs' motion, including the attempted invention of a new affirmative defense.  Genesis even posits a remarkable question: does making a false statement violate laws prohibiting making false

1  statements to debtors?   In any event, Plaintiffs have met their burden and are entitled to summary
2  judgment on their claims.

3      Genesis takes a similar tack with its affirmative defense, except on this issue, Genesis bears
4  the burden of proof.  Despite stipulating that its agent made false statements by phone, Genesis
5  argues that "if" the Court determines that Genesis violated the FDCPA then such violation is the
6  result of a "bona fide error."  Again, Genesis presents no evidence, instead relying on mere
7  argument from counsel that its false statements were in error.  Genesis then asks the Court to look
8  at "procedures" which it declined to provide.  This, of course, fails to meet Genesis' burden, and
9  its "bona fide error" defense fails.

10     Considering Genesis' complete failure to address Plaintiffs' evidence and argument,
11 Plaintiffs respectfully request that this Court grant their motion for summary judgment.

12     **A.  Genesis' "Duty to Investigate" Arguments Are Irrelevant**

13     Genesis' argument begins with the irrelevant assertion that it has no "duty to investigate"
14 the debt, which does not bear on any claim or defense in this proceeding.  Response (Dkt. #10) at
15 4-5.  This truism incorrectly suggests the existence of some sort of defense separate and distinct
16 from the "bona fide error" defense (discussed below).  Genesis similarly has no "duty" to provide
17 weather forecasts, but that, too, is irrelevant.

18     In support of its "no duty to investigate" comment, Genesis cites *Clark v. Capital Credit*
19 *& Collection Servs., Inc.*, 460 F.3d 1162, 1174 (9th Cir. 2006), where the court addressed what
20 was required for "verification" of a debt under Section 1692g - which is not at issue here - and
21 established definitively that the FDCPA is a strict liability statute (thus meaning "intent" was
22 irrelevant to liability).  Genesis relies heavily on *Clark* for the idea that a debt collector can just
23 blindly rely on whatever it is told.  However, that is not the law.  To qualify for the bona fide error

defense, *Reichert* requires reliance on a debt collectors' procedures, not blind reliance on a creditor's word. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006–07 (9th Cir. 2008). This does not suggest the existence of a separate defense, rather, it is a necessary part of the bona fide error defense, which Genesis has failed to prove, as discussed *infra*.

Genesis' reliance on *Clark* is also misplaced, and irresponsible, because the Ninth Circuit already clarified that blind reliance on a creditor is not appropriate. "When we spoke in *Clark* of the nonliability of a debt collector who 'reasonably relies' on the reported debt, we were referring to a **reliance on the basis of procedures maintained to avoid mistakes**." *Reichert,* 531 F.3d at 1007 (emphasis added). Genesis' out-of-context and outdated citation to *Clark* is indeed concerning and below the standard of practice in this Court.

To be clear, the relevant inquiry as to liability is whether Genesis collection efforts violated the strict-liability FDCPA.

## B.  Plaintiffs Have Proven that Genesis Violated the FDCPA

Plaintiffs established that Genesis made false statements about the amounts owed. Dkt. #9 at 4-13. Indeed, Genesis own collection notes establish that these amounts were totally unsubstantiated. *Santiago Decl.* (Dkt. #9-3) at Ex. C. Plaintiffs have carried their burden to establish that Genesis sought to collect money not owed, in violation of the FDCPA/WCAA.

In response, Genesis offers only a hypothetical scenario in which its client, Linden Square, might be able to prove the money is owed.[1] However, it is Genesis that made false statements and demanded money not owed from Plaintiff, and Genesis that has the burden to refute those claims.

---

[1] Defendant also argues that Linden Square is an indispensable party, which is plainly incorrect. Moreover, Linden Square is not a debt collector or collection agency subject to the FDCPA/WCAA. To be clear, one of Plaintiffs' claims is that Genesis sought to collect money not owed, and this has been established.

PLAINTIFFS' REPLY IN SUPPORT OF PARTIAL MSJ - 3
2:20-CV-00573-RSM

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1    If any such contrary evidence existed, it is Genesis' burden to produce it, and Genesis has

2    not done so.  This is because no such evidence exists: Genesis' own collection notes indicate that

3    its client, Linden Square, had already provided everything it had.  *Santiago Decl.* (Dkt. #9-3) at

4    Ex. C ("PER CLNT THEY HAVE ALREADY SENT ALL THEY HAVE ON THIS FILE").[2]  It

5    is not controversial to hold a debt collector responsible for its false statements.   Indeed, in

6    *Dawson*, Genesis was held liable for making false statements about unsubstantiated amounts

7    allegedly owed to an apartment complex, which is exceedingly similar to the case at bar.

8    *Dawson v. Genesis Credit Mgmt., LLC*, No. C17-0638-JCC, 2017 WL 5668073, at *3 (W.D.

9    Wash. Nov. 27, 2017).  The focus here is on Genesis' conduct, and Genesis has violated state

10   and federal law by making false statements about the amounts supposedly owed.

11   Summary judgment is not the time to indulge hypotheticals; if Genesis has evidence that

12   its demands for money were correct, it must be provided with its Response brief.  Genesis failed

13   to provide any evidence, and hypotheticals are insufficient.  Plaintiffs respectfully request that this

14   Court grant summary judgment in their favor.

15   ### C.   Genesis Has Failed to Prove the Bona Fide Error Defense

16   Having provided no evidence at all on a defense for which it bears the burden of proof,

17   Genesis cannot qualify for the "bona fide error" defense.  This lack of evidence is dispositive, but

18   Plaintiffs will recite the elements of the defense below.

19   The bona fide error defense is an affirmative defense for which the debt collector has the

20   burden of proof.  *Fox v. Citicorp Credit Servs., Inc.,* 15 F.3d 1507, 1514 (9th Cir. 1994).  As the

21   party carrying the burden of proof, Genesis must come forth with evidence to prove the bona fide

22

23
_____

[2] Shortly after this note was entered, Genesis acknowledged that it did not have proof of the move-out
condition or any invoices related to the charges.  *Santiago Decl.* (Dkt. #9-3) at Ex. E.

error defense. A defendant asserting the defense bears the burden of establishing that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011) (citation omitted).

Genesis limits its bona fide error argument to its false statements regarding the judgment and garnishment. While it admits that those statements are violations of the FDCPA, it fails to produce evidence that the false statements were the result of an error, nor does it provide evidence that it maintained procedures reasonably adapted to avoid the violation. Response (Dkt. #10) at p. 11. First, Genesis argues – without evidence and in pure speculation – that the "agent misinterpreted a prior note on her computer screen," without any sworn testimony from the agent or any person affiliated with Genesis. *Id.* Thus, it is unclear if the agent actually made a mistake when she made false statements to Plaintiff.

Next, Genesis argues, without evidence, that it has a "designated compliance department" that implements safeguards to ensure compliance with the FDCPA. Response (Dkt #10) at p. 11. Genesis – having provided no evidence – proudly declares that "all of the facts support" the bona fide error defense. *Id.* However, even assuming, *arguendo*, that Genesis had a qualified witness submit a declaration, it still has not identified the procedure, or how it is reasonably adapted to avoid its agent's error (of which there is also no evidence).

As the party with the burden to prove the bona fide error affirmative defense, Genesis must come forth with evidence to prove each element of the defense. Yet Genesis has provided absolutely no evidence, consistent with its refusal to provide information about the error or its procedures in discovery. *Santiago Decl.* (Dkt #9-3) at Ex. E, p. 2. The only interpretation of

1    Genesis' refusal to provide evidence is that none exists, therefore, Genesis' bona fide error defense

2    should be dismissed.

3          **D.  <u>Plaintiff Puloka Has Standing in This Case</u>**

4          Genesis makes numerous unfounded assertions about Plaintiffs and their attorney without

5    citing to a single piece of evidence.  Response (Dkt. #10) at pp. 11-12.  Ironically, Defendant uses

6    inflammatory words such as "specious" and "self-serving" while solely using hypothetical

7    scenarios, sans facts, to argue against Ms. Puloka's standing.  This is especially ridiculous because

8    Genesis <u>conducted absolutely no discovery in this case</u>; yet it insultingly suggests that Plaintiffs

9    perjured themselves, without any basis whatsoever.  While this type of unsupported argument is a

10   leitmotif throughout Genesis' brief, Plaintiffs would suggest that such briefing is below the

11   standard of practice in the Western District of Washington.  *Id.*

12         In any event, Genesis sent a collection letter addressed to both Plaintiffs, at the same

13   address on January 10, 2020.  *Johnson Decl.* (Dkt. #9-1) at Ex. B; *Puloka Decl.* (Dkt. #9-2) at

14   Ex. A.  Genesis is currently reporting an inflated amount to Ms. Puloka's credit.  *Puloka Decl.*

15   (Dkt. #9-2) at Ex. B.  Thus, she has standing for claims related to those events.  Furthermore,

16   Genesis made specific threats to Ms. Puloka's paychecks to Mr. Johnson in a phone call.

17   *Santiago Decl.* (Dkt. #9-3) at Ex. at p. 7.

18         The evidence before the Court is that Mr. Johnson told Ms. Puloka about the phone calls.

19   However, even if he had not, the FDCPA's "statutory text itself is aimed squarely at the debt

20   collector's conduct, rather than at its effect on the consumer."  *Tourgeman v. Collins Fin. Servs,*

21   *Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).  In *Tourgeman*, the plaintiff-debtor David Tourgeman

22   learned, during discovery, that the debt collectors had sent letters to his parents' home while he

23   was living in Mexico, thus admitting he never received the letters.  *Id*. at 1113.  The Ninth Circuit

rejected the debt collectors' arguments that Mr. Tourgeman could not bring claims over misrepresentations in letters he never received, because, again, the FDCPA is aimed at the debt collector's conduct  *Id*. at 1117.  The statutory violation exists at the moment the debt collector makes a misrepresentation, regardless of whether the consumer received or read the communication.  *Id*.  "This rule of construction fortifies our conclusion that a consumer such as Tourgeman, who did not actually receive a dunning letter directed toward him at the time it was sent, nonetheless may bring an action challenging the lawfulness of that letter under the Act."  *Id*.

Here, as in *Tourgeman*, the false statement threatening Ms. Puloka's income is at issue in this case, not the effect that it had on her, even though she learned of the false communication shortly after it was made.  Thus, Ms. Puloka has standing to bring violations for Genesis' misrepresentations regarding a nonexistent judgment and garnishment, and for the inflated demands made to Mr. Johnson on the calls.

Dated this 27th day of November, 2020.

**ANDERSON SANTIAGO, PLLC**

By: /s/ T. Tyler Santiago
Jason D. Anderson, WSBA No. 38014
T. Tyler Santiago, WSBA No. 46004
Attorney for Plaintiffs
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

Plaintiffs' Reply in Support of Partial MSJ - 7
2:20-cv-00573-RSM

**ANDERSON|SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1

**<u>Certificate of Service</u>**

2     I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the

3 Court using the CM/ECF system which will send notification of such filing to the following:

4

5 Mark Case
P.O. Box 30131
Spokane, WA 99223
6 Telephone: 425-890-2817
Email: markcaselaw@gmail.com
7

8 Krista L. White
P.O. Box 3630
Everett, WA 98213
9 Telephone: (425) 646-1382
Email: Kristaw@genesiscred.com
10 Attorneys for Defendant

11

12

13                                     /s/ T. Tyler Santiago
T. Tyler Santiago

14

15

16

17

18

19

20

21

22

23

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719