UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONIO JOHNSON AND OLIVIA PULOKA, <br><br> Plaintiffs, <br><br> v. <br><br> COLUMBIA DEBT RECOVERY, LLC dba GENESIS CREDIT MANAGEMENT, LLC, <br><br> Defendant. | Case No. C20-573RSM <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiffs' Motion for Partial Summary Judgment. Dkt. #9. Plaintiffs move for summary judgment on Defendant's liability under the Fair Debt Collection Practices Act ("FDCPA") and Washington Collection Agency Act ("WCAA"), but do not move for the Court to rule on damages at this time. Defendant Columbia Debt Recovery doing business as Genesis Credit Management ("CDR" or "Genesis") opposes. Dkt. #10. For the reasons stated below, the Court GRANTS Plaintiffs' Motion.

## I.   BACKGROUND

In May of 2017, Plaintiffs Antonio Johnson and Olivia Puloka took over an existing apartment lease at Linden Square Apartments. *See* Dkt. #9-1 ("Johnson Decl."), ¶ 2. The plan was to leave when the lease term ended on November 30, 2017. Monthly rent was $1,215. *Id*.

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

On November 7, 2017, Plaintiffs moved out of Linden Square. *Id.* at ¶¶ 4-5. Plaintiffs inadvertently failed to make their last month's payment and now admit they owe this amount. Johnson Decl. at ¶¶ 3, 29-32; Dkt. #9-2 ("Puloka Decl."), ¶ 16.

In late 2019, Plaintiffs noticed that Defendant Genesis was reporting on their credit a debt of over $8,000 related to Linden Square. Johnson Decl. at ¶ 10. Mr. Johnson contacted Linden Square but was told that there was no record of his account. *Id*. at ¶ 11. On November 26, 2019, Mr. Johnson called Genesis and spoke to a representative named Misty. *Id.* at ¶ 12; *see also* Dkt. #9-3 ("Santiago Decl.") at ¶ 2, Ex. A at 1-5. Plaintiffs have submitted a transcript of that recorded call.

Misty told Mr. Johnson that a judgment had been entered against him and that garnishments had been sent to both Mr. Johnson and Ms. Puloka's employers. Johnson Decl. at ¶¶ 14-15; Santiago Decl. at ¶ 2, Ex. A at 1-5. Misty erroneously told Mr. Johnson that he had been evicted from Linden Square. Misty then told him that he breached a contract, and that there was nothing he could do but pay $8,478.29 because there was a "court ordered judgment." In fact no eviction ever occurred, no judgment was ever entered against either Antonio Johnson or Olivia Puloka, and no garnishments were ever issued. Johnson Decl. at ¶23; Santiago Decl. at ¶ 3, Ex. B.

Plaintiffs repeatedly attempted to obtain evidence of a judgment and documentation to support the alleged debt. Defendant Genesis never sent such documentation. Nearly two months later, Genesis sent Plaintiffs a collection letter claiming that Plaintiffs owed $6,695.57, which was based on owing two months' rent, full carpet replacement and other cleaning charges, various legal fees, and interest of $1,681.78. Johnson Decl. at ¶¶ 26-27, Ex. B; Puloka Decl. at ¶ 13, Ex. A. Plaintiffs maintain that Genesis does not have evidence to support these

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

debts and knew at the time that its client did not have such evidence. Defendant CDR/Genesis admits now, in briefing and without citation to any declaration or other evidence:

> …after paying October 2017 rent late, Plaintiffs had failed to pay their November 2017 rent and Linden Square initiated an unlawful detainer action against them. The unlaw [sic] detainer was dismissed by Linden Square when plaintiffs voluntarily vacated the premises. The agent mistakenly thought that the unlawful detainer had proceeded to judgment and then garnishment.

Dkt. #10 at 10. CDR has not submitted any evidence at all to oppose this Motion.

Genesis continues to adversely report on Ms. Puloka's credit that she owes over $9,000. Puloka Decl. at ¶ 17, Ex. B.

This lawsuit was filed in King County Superior Court on March 19, 2020, and later removed to this Court. Dkt. #1-2. Plaintiffs bring claims against Defendant under the Fair Debt Collection Practices Act ("FDCPA") the Washington Collection Agency Act ("WCAA"), and the Washington's Consumer Protection Act ("CPA").

Plaintiffs now move for partial summary judgment on liability under the FDCPA and WCAA.

## II.  DISCUSSION

**A. Legal Standard for Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco,*

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

*Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B. Analysis**

The Fair Debt Collection Practices Act was enacted to protect consumers from improper or abusive debt collection efforts. 15 U.S.C. § 1692. The FDCPA is a strict-liability statute which "makes debt collectors liable for violations that are not knowing or intentional." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008); *see also McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). "A single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997). The FDCPA is a remedial statute construed liberally in favor of the consumer. *Tourgeman v. Collins Fin. Servs, Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006) ("we wish to reinforce that the broad remedial purpose of the FDCPA is concerned primarily with the likely effect of various collection practices on the minds of unsophisticated debtors."). Section 1692e prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

debt." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). Section 1692e(2) prohibits "[t]he false representation of ... the character, amount, or legal status of any debt." *Id.* Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* Section 1692e(8) prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false…"

There is no dispute that Defendant is a debt collector under the FDCPA. *See* 15 U.S.C. § 1692a(6); Dkt. #9 at 10; Dkt. #10 at 2. The Court finds that Defendant CDR's reporting of Plaintiffs' debts was connected to its attempts to collect on that debt for purposes of satisfying § 1692e.

Defendant CDR argues that it did not have a duty to investigate the debt, *see* Dkt. #10 at 4–7, that Plaintiffs should have joined Linden Square as a Defendant, *id.* at 7, and that Ms. Puloka has no standing because she was not on the phone call with Misty, *id.* at 11–12. However, CDR does not dispute that it erroneously reported that there was judgment against Plaintiffs leading to garnishments. This alone can lead to liability under § 1692e as a false representation of the character and legal status of the debt. The Court need not consider other sources of liability under the FDCPA. The fact that CDR continued to attempt to collect on the debt after being put on notice of their error, and continued to report the debt on Ms. Puloka's credit, is significant and makes this a material breach of the FDCPA in the eyes of the Court. *See Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014) (materially false statements are those that could "cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort."). Ms. Puloka

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

obviously has standing because Defendant attempted to collect a debt against her and negatively reported on her credit.

The Court's analysis thus turns to the bona fide error defense, an affirmative defense claimed by Defendant CDR. Under 15 U.S.C. § 1692k(c), a defendant asserting "bona fide error" bears the burden of establishing that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation. *McCollough*, 637 F.3d at 948 (citation omitted). As to the third element: "If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of 'procedures reasonably adapted to avoid any such error' must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error." *Reichert*, 531 F.3d at 1007 (citation omitted).

The Court has reviewed the briefing of Defendant CDR and finds there is no evidence for a reasonable juror to conclude that it maintained a specific procedure adapted to avoid the error at issue. CDR has the burden of proof on this affirmative defense. CDR does not even submit evidence, it relies solely on the argument of its counsel in briefing. CDR states that Misty "mistakenly thought the unlawful detainer had proceeded to judgment and then garnishment" and that this was "unintentional and made in good faith." Dkt. #10 at 10. This is a "mere assertion." CDR goes on to state that Misty "misinterpreted a prior note on her computer screen and thought a judgment had been entered," and that she "was not trying to deceive Mr. Johnson, rather she was simply mistaken." *Id.* at 11. This is not an explanation of a procedure and again is a mere assertion without citation to evidence. It is a counsel's attempt to conveniently absolve his client of liability. There is no evidence that CDR has procedures to

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

double check what is stated to debtors, or to quickly cancel debt collection efforts when an error is pointed out by the debtor. Accordingly, the Court finds CDR liable to both Plaintiffs for violation of the FDCPA.

Turning to the WCAA, RCW 19.16.250(21) prohibits the collection, or attempted collection, of any amounts not authorized by law. Because actions prohibited under the WCAA are declared unfair acts or practices under the WCPA, a violation of the WCAA constitutes a per se violation of the WCPA. RCW 19.16.440; *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 53, 204 P.3d 885, 897 (2009) ("When a violation of debt collection regulations occurs, it constitutes a per se violation of the [Washington] CPA and the FTCA under state and federal law."). Plaintiffs present ample evidence that the amount this Defendant attempted to collect was erroneous in various ways. Given the limited record, the Court can easily conclude that the amount was erroneous because it grossly exceeds a single month's rent and because Defendant has failed to raise a genuine dispute as to any of the material facts presented by Plaintiffs on this issue. Defendant CDR presents nothing to oppose this evidence, arguing that they do not have a duty to investigate the debt and that Linden Square is an indispensable party. The undisputed record shows that Plaintiffs attempted to contact Linden Square but were told there was no record of their account. Plaintiffs point out that CDR's records show that Linden Square has "already sent all they have on this file," Dkt. #11 at 4 (citing Santiago Decl. at Ex. C ("PER CLNT THEY HAVE ALREADY SENT ALL THEY HAVE ON THIS FILE"), yet CDR is unwilling or unable to provide the Court with any evidence to support the debt in the amount they were attempting to collect. Although Plaintiffs may have a cause of action against Linden Square, it is not an indispensable party for this claim, which deals with the collection of debt.

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 7

Given all of the above, the Court concludes that Defendant CDR is liable to Plaintiffs under the WCAA and therefore the CPA, as a matter of law.

### III.  CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Partial Summary Judgment, Dkt. #9, is GRANTED.  Defendant CDR is liable under the FDCPA and WCAA as stated above.  The amount of damages remains an issue for trial.

DATED this 2nd day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE