UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIO JOHNSON AND OLIVIA PULOKA,

Plaintiffs,

v.

COLUMBIA DEBT RECOVERY, LLC dba GENESIS CREDIT MANAGEMENT, LLC,

Defendant.

Case No. C20-573RSM

ORDER DENYING MOTION TO EXCLUDE EVIDENCE RE: DAMAGES

This matter comes before the Court on Defendant Columbia Debt Recovery, LLC dba Genesis ("Genesis")'s Motion to Exclude Evidence Regarding Damages. Dkt. #14. Genesis argues that Plaintiffs Antonio Johnson and Olivia Puloka failed to provide a computation of each category of damages and disclose documents supporting those damages at the initial disclosure stage. *Id.* Genesis seeks exclusion at trial of all damages evidence under Rule 37(c) for failure to disclose.

Plaintiffs served the following computation of damages in their initial disclosures:

   a. Statutory damages, as awarded by the Court. Per Plaintiffs' Complaint:
   - $1,000.00, per Plaintiff, for FDCPA damages, totaling $1,000.00 in this case. 15 U.S.C. § 1692(k).

ORDER DENYING MOTION TO EXCLUDE EVIDENCE RE: DAMAGES - 1

     b. Actual damages, which include but are not limited to emotional distress damages (including loss of sleep, stress, and financial anxiety), costs incurred as a result of Defendant's actions, and diminished creditworthiness/impaired credit, in amounts determined by the jury.
     c. Injury to business or property. RCW 19.86.
     d. Treble damages pursuant to RCW 19.86.090.
     e. Attorney's fees and costs.
     f. Plaintiffs may learn of (or otherwise articulate in a different manner) other damages as this case progresses.

Dkt. #15-1.

  In Response, Plaintiffs point out that Genesis failed to confer about this Motion before filing as required by LCR 7(d)(4) and has failed to conduct any discovery in this case whatsoever. Dkt. #18. Plaintiffs argue they have complied with Rule 26 because they indicated the amount of statutory damages, $1,000, and later informed Defendant that they were seeking $40 in out-of-pocket expenses available under the WCAA/CPA (trebled to $120). *Id.* Plaintiffs argue that emotional distress damages cannot and need not be "calculated" at the initial disclosure stage. *Id.* at 6 (citing 15 U.S.C. § 1692k; *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011); *Weinstein v. Mandarich L. Grp., LLP*, No. C17-1897RSM, 2019 WL 290578, at *2 (W.D. Wash. Jan. 23, 2019), *aff'd in part, rev'd in part and remanded*, 798 F. App'x 88 (9th Cir. 2019); *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, No. C18-1011 RSM, 2020 WL 758070, at *5 (W.D. Wash. Feb. 14, 2020) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).

  The Court finds that this Motion in Limine can be denied on procedural grounds for failure to file the meet and confer certification required under Local Civil Rule 7(d)(4).

  The Court further finds that Plaintiffs have satisfied the initial disclosure requirements and that in any event the requested relief is entirely unwarranted and unequitable given Genesis's timing in raising this issue and failure to conduct discovery.

ORDER DENYING MOTION TO EXCLUDE EVIDENCE RE: DAMAGES - 2

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Genesis's Motion to Exclude Evidence Regarding Damages, Dkt. #14, is DENIED.

DATED this 17th day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO EXCLUDE EVIDENCE RE: DAMAGES - 3