UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTONIO JOHNSON and OLIVIA PULOKA,<br><br>                        Plaintiff,<br><br>vs.<br><br>COLUMBIA DEBT RECOVERY, LLC, dba GENESIS,<br><br>                        Defendant. | NO. 2:20-cv-00573-RSM<br><br>**DEFENDANT'S TRIAL BRIEF** |

## I. INTRODUCTION

Defendant Columbia Debt Recovery, LLC dba Genesis Credit Management, LLC ("Columbia") attempted to collect a debt placed for collection by Linden Square Apartments owed by plaintiffs Antonio Johnson and Olivia Puloka. Columbia's former employee Mistie Waters inaccurately informed Mr. Johnson that an Unlawful Detainer action Linden Square filed against plaintiffs had resulted in a judgment and garnishment in Linden Square's favor when, in fact, a judgment of dismissal had been entered in the case.

Plaintiffs claim Ms. Waters' inaccurate statements violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Washington Collection Agencies Act (CAA), RCW 19.16 *et seq.* Plaintiffs' claims based on CAA subsections 19.16.250(15) and (21)

DEFENDANT'S TRIAL BRIEF –Page 1

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Ste. 2000
Portland, OR 97201
Telephone: (503) 382-3844
Facsimile: (503) 616-36002

are subject to a civil action under the terms of the Washington Consumer Protection Act (CPA), codified at Revised Code of Washington chapter 19.86. *See* RCW 19.16.440.

On March 2, 2021, the Court granted Plaintiff's Motion for Partial Summary Judgment as to liability under FDCPA section 1692e and CAA section 19.16.250(21). A bench trial is scheduled to begin on May 25, 2021, to determine plaintiffs' damages.

## II. FACTS

Plaintiffs' claims arise from an unpaid debt Linden Square Apartments placed for collection with defendant. Plaintiffs moved into Linden Square after taking over an existing lease in May, 2017. The lease expired on November 30, 2017. In or around the beginning of November, 2017, plaintiffs informed Linden Square that they were moving out. Approximately one week after giving that notice, on November 7, 2017, they vacated the apartment. They did not pay their final month's rent or utilities.

The final account statement prepared by Linden Square, dated December 13, 2017, showed plaintiffs owed a total account balance of $6,695.57 in connection with a residential lease (the "Linden Square Account Statement.") The Linden Square Account Statement includes a ledger balance for rent, utilities, insurance charges, and legal costs of $3,764.85, charges relating to the move-out condition of the unit in the amount of $3,030.72, and a deposit credit in the amount of $100.00.

Mr. Johnson spoke with Columbia employees on several occasions in connection with the debt. He sent a written dispute of the debt in December 2019. Ms. Puloka does not claim she communicated with Columbia about the debt.

DEFENDANT'S TRIAL BRIEF –Page 2

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Ste. 2000
Portland, OR 97201
Telephone: (503) 382-3844
Facsimile: (503) 616-36002

Defendant provided the Linden Square Account Statement to plaintiffs by correspondence dated January 10, 2020, and called him that same day to discuss making arrangements to resolve the debt. Plaintiffs received the Linden Square Account Statement, but neither plaintiff contacted defendant at any point afterwards, and they did not make any payment toward the undisputed portion of the debt. Instead, they filed this lawsuit.

Both plaintiffs acknowledge they did not pay the last month's rent or utilities and that they do owe Linden Square a debt in connection with that failure, but they dispute the accuracy of other charges on the Linden Square Account Statement.

## III.    AUTHORITY

Each plaintiff bears the burden to prove his or her damages under the FDCPA. 15 U.S.C. § 1692k(a); *see Tourgeman v. Nelson & Kennard*, 900 F.3d 1105, 1109 (9th Cir. 2018). The FDCPA provides for two categories of damages in an individual action: statutory damages and actual damages. 15 U.S.C. § 1692k(a)(1) and (2)(A).

FDCPA statutory damages range from $0.00 to $1,000. 15 U.S.C. § 1692k(a)(2); *see also Lester E. Cox Med. Ctr., Springfield, Mo. v. Huntsman*, 408 F.3d 989, 994 (8th Cir. 2005) (district court did not abuse its discretion in declining to award any statutory damages); *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) (affirming a district court's award of $500.00 against a debt collector whose noncompliance was not intentional and whose communication was "not threatening or abusive in tone"); *Graziano v. Harrison*, 950 F.2d 107, 114 (3d Cir.1991) ("in the instance of a single, trivial, and unintentional violation of the Act, it is within the court's discretion to decline to award statutory damages at all") *Branco v. Credit Collection Servs. Inc.*, No. CIV. S-10-1242 FCD, 2011 WL 3684503, at *13 (E.D. Cal. Aug. 23,

DEFENDANT'S TRIAL BRIEF –Page 3

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Ste. 2000
Portland, OR 97201
Telephone: (503) 382-3844
Facsimile: (503) 616-36002

2011) (awarding $1 in statutory damages). The statute requires the court to consider the frequency and persistence of noncompliance by the debt collector, the nature of the noncompliance, and the extent to which the noncompliance was intentional in determining the amount of liability. 15 U.S.C. § 1692k(b)(1).

Each plaintiff must also produce evidence of his or her actual damages. To establish damages for emotional distress under the FDCPA, plaintiffs must offer "more than 'transitory symptoms of emotional distress and unsupported self-serving testimony.'" *Genschorck v. Suttel & Hammer, P.S.*, 12-CV-0615-TOR, 2014 WL 186766, at *2 (E.D. Wash. Jan. 16, 2014) (quoting *Costa v. Nat'l Action Fin. Serv.,* 634 F.Supp.2d 1069, 1078 (E.D.Cal.2007)). In *Costa*, the court concluded that emotional distress damages are recoverable under the FDCPA only if the plaintiff satisfied the standard to recover for intentional infliction of emotional distress under state law. *Costa*, 634 F. Supp. 2d at 1078. Under Washington law, the tort of intentional infliction of emotional distress requires a plaintiff to prove three elements: "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 149 Wn.2d 192, 195, 66 P.3d 630, 632 (2003). Severe emotional distress is not "transient and trivial," but must be such that "no reasonable man could be expected to endure it." *Id.* at 203.

The connection between the type and degree of proof of distress required is connected to the degree of outrageousness of the conduct. *Id.* Where the conduct does not "go beyond all possible bounds of decency," assertions that the plaintiff "suffered depression, loss of appetite, libido and energy, sleeplessness, and increased headaches," do not satisfy the requirement of showing severe emotional distress. *Lawson v. Boeing Co.*, 58 Wn. App. 261, 270, 792 P.2d 545,

DEFENDANT'S TRIAL BRIEF –Page 4

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Ste. 2000
Portland, OR 97201
Telephone: (503) 382-3844
Facsimile: (503) 616-36002

550 (1990). Even more stringent standards apply if the conduct at issue was not intentional and willful:

> For negligent infliction of emotional distress, a plaintiff must prove he has suffered emotional distress by "objective symptomatology," and the "emotional distress must be susceptible to medical diagnosis and proved through medical evidence." *Hegel v. McMahon,* 136 Wash.2d 122, 135, 960 P.2d 424 (1998). The symptoms of emotional distress must also "constitute a diagnosable emotional disorder." *Id.*

*Kloepfel v. Bokor*, 149 Wn.2d at 196–97.

A violation of the CPA must cause a plaintiff to suffer an injury to "his or her business or property" to be actionable. RCW 19.86.090. The amount of harm to business or property may be trebled in the court's discretion. RCW 19.86.090. No other damages are permitted under the CPA:

> [E]motional distress damages are not available for a violation of the CPA. *See Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.,* 122 Wash.2d 299, 318, 858 P.2d 1054 (1993) (damages for mental pain and suffering are not recoverable for a violation of the CPA because the statute, by its terms, only allows recovery for harm to "business or property"); *Stevens v. Hyde Athletic Indus., Inc.,* 54 Wash.App. 366, 370, 773 P.2d 871 (1989) (same); *Keyes v. Bollinger,* 31 Wash.App. 286, 296, 640 P.2d 1077 (1982) (same)."

*White River Estates v. Hiltbruner*, 134 Wn.2d 761, 765, 953 P.2d 796, 797 (1998).

### IV. DISCUSSION OF ISSUES AT TRIAL

#### a. Johnson's damages

To date, the only evidence of economic damages produced by Johnson is his declaration testimony that he incurred an estimated $40.00 in gas and parking expenses to seek counsel. There were no parking tickets/validation provided, and no estimate of mileage driven to support

DEFENDANT'S TRIAL BRIEF –Page 5

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Ste. 2000
Portland, OR 97201
Telephone: (503) 382-3844
Facsimile: (503) 616-36002

this estimate. Plaintiff Johnson also has not provided any medical evidence in support of emotional distress damages, nor are any such documents listed on the exhibit list.

### i. FDCPA

Mr. Johnson will be required to establish the alleged amount of his actual damages caused by the alleged FDCPA violation. "Definable actual damages" are required to recover for emotional distress damages under the FDCPA. *Takano v. Nelson*, 2:19-CV-01932-BAT, 2020 WL 3403056, at *4 (W.D. Wash. June 19, 2020). However, although Mr. Johnson was incorrectly told on November 26, 2019, that a judgment and garnishment had been issued in the suit Linden Square had filed, on November 27, 2019, he was given the case information the very next day that would allow him to determine that the statement was inaccurate. Moreover, no judgment had been entered, and no garnishment issued. Therefore, he did not suffer actual damages due to defendant's conduct and damages for emotional distress are precluded. *See Takano v. Nelson*, 2:19-CV-01932-BAT, 2020 WL 3403056, at *4 (W.D. Wash. June 19, 2020) (finding the plaintiff did not state a claim for actual damages under the FDCPA for a debt collector's alleged breach of a settlement agreement where the plaintiff's payment had not been sent to defendant and the collection lawsuit against her had been dismissed with prejudice).

Like the plaintiff in *Takano*, Mr. Johnson's debt remains unpaid and the lawsuit filed by Linden Square was dismissed. There is no judgment, there is no garnishment, and Mr. Johnson was not actually damaged by that inaccurate statement. Moreover, Mr. Johnson requested information about the case less than one day later, and accurate information was immediately provided to him.

DEFENDANT'S TRIAL BRIEF –Page 6

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Ste. 2000
Portland, OR 97201
Telephone: (503) 382-3844
Facsimile: (503) 616-36002

Any claim for emotional distress damages must be for distress that is more than transitory. *Genschorck v. Suttel & Hammer, P.S.*, 12-CV-0615-TOR, 2014 WL 186766, at *2; *Costa*, 634 F. Supp. 2d at 1078. Whether emotional distress damages are recoverable at all will depend, in part, on whether Mr. Johnson establishes that Columbia engaged in extreme and outrageous conduct that intentionally or recklessly inflicted emotional distress damages. Absent such proof, qualified medical evidence must be presented that the emotional distress Mr. Johnson claims he suffered was sufficient to cause a diagnosable emotional disorder. *Kloepfel v. Bokor*, 149 Wn.2d at 196–97.

Defendant is not aware of any evidence supporting actual damages in this matter, and Plaintiff Johnson has not listed any evidence suggesting there was any actual damages. Likewise, Defendant is not aware of any evidence that the communication errors at issue caused Mr. Johnson to make any change in his position or any payment he did not owe, or cause any other consequences to him that he has identified. Thus, it is Defendant's position that no actual damages under the FDCPA should be awarded.

### ii. CPA

Mr. Johnson's damages under the CPA are limited to the value of any harm to his business or property, *White River Estates*, 134 Wn.2d at 765, which the Court may treble in its discretion. RCW 19.86.090. Mr. Johnson has not provided a computation of damages or identified any documents supporting injury to business or property. Mr. Johnson has represented, through his counsel, that he does not claim more than approximately $40.00. In light of the Court's summary judgment ruling that a violation occurred, Columbia concedes Mr. Johnson is

DEFENDANT'S TRIAL BRIEF –Page 7

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Ste. 2000
Portland, OR 97201
Telephone: (503) 382-3844
Facsimile: (503) 616-36002

entitled to recover that amount if he establishes expenses in that amount and that they were caused by the particular violation of the CPA at issue.

### b. Puloka's claims

Ms. Puloka does not claim that Columbia told her that a judgment or garnishment had been issued against her, or even that she spoke with Columbia. As with Mr. Johnson, no such judgment had been entered, no garnishment was issued, and Ms. Puloka has not made any payment on the debt, including on the portion of the debt she concedes she owes. She has not been injured or damaged, and no damages award should be allowed.

### i. FDCPA

The court's order granting plaintiffs' motion for summary judgment found that the misstatements made to Mr. Johnson about the judgment and garnishment violated the FDCPA. There is no claim that any similar statement was made to Ms. Puloka. Indeed, Ms. Puloka was able to confirm with her employer that no garnishment had been issued. Ms. Puloka does not claim she informed Columbia of any dispute about the debt or the amount of the debt. There is no basis for plaintiffs to assert that Mr. Johnson's communications were made on behalf of Ms. Puloka, particularly given that Mr. Johnson informed Columbia he had no ongoing relationship with her.

Any information Mr. Johnson shared with Ms. Puloka despite his representations to Columbia was not caused by Columbia's conduct. Columbia did not speak with Ms. Puloka, and it was not foreseeable, based on Mr. Johnson's statements, that any misstatement to Mr. Johnson would also effectively reach Ms. Puloka.

DEFENDANT'S TRIAL BRIEF –Page 8

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Ste. 2000
Portland, OR 97201
Telephone: (503) 382-3844
Facsimile: (503) 616-36002

Plaintiffs have submitted no indication that Ms. Puloka incurred any expenses or otherwise sustained any economic damages as the result of the representative's misstatements to Mr. Johnson. Ms. Puloka also has not provided any indication that Columbia's communications caused her to experience any diagnosable medical or emotional condition. Absent such evidence, Ms. Puloka is not entitled to recover actual damages under the FDCPA.

### ii. CPA

Plaintiffs have represented through their counsel that the only actual damages they seek under the CPA are the $40.00 in expenses for parking and gas that Mr. Johnson claims to have paid in connection with seeking counsel. There is no claim that Columbia caused any harm to Ms. Puloka's business or property and, therefore, no basis for awarding her damages under the CPA.

## V. EVIDENTIARY ISSUES

Plaintiff has identified Columbia's account notes for this debt as Plaintiff's Exhibit 3. Columbia objects that Exhibit 3 is not admissible. The only witnesses identified by plaintiffs are themselves, and neither plaintiff is qualified to lay a foundation for Exhibit 3 or to interpret it based on any personal knowledge, as Rules 602 and 901 require. The Court should exclude Plaintiffs' Exhibit 3.

Defendant further objects to plaintiff's Exhibit 4 and Exhibit 6, which Plaintiffs identify as "credit report excerpts" for Ms. Puloka. Exhibits 4 and 6 are inadmissible hearsay barred by Rule 802. Both exhibits were produced for the first time after the close of discovery, and both exhibits require authentication by a person with knowledge under Rule 901 and explanation by a person with knowledge under Rules 602. However, plaintiffs have not identified any witness for

DEFENDANT'S TRIAL BRIEF –Page 9

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Ste. 2000
Portland, OR 97201
Telephone: (503) 382-3844
Facsimile: (503) 616-36002

trial who can authenticate Exhibits 4 and 6, testify about how the contents were created and from what information, or explain what the information on the documents mean. The Court should exclude Plaintiffs' Exhibits 4 and 6.

Defendant has not stipulated to the admissibility of Plaintiff's Exhibit 2, which is an audio recording of a call between Columbia and Mr. Johnson that occurred on September 19, 2018. Defendant reserves potential relevance objections for trial.

**VI.  CONCLUSION**

Columbia has never claimed that Ms. Waters was correct when she told Mr. Johnson that there was a judgment and garnishment issued on the debt at issue. Ms. Waters misinterpreted information about the account, and her statements were inaccurate.

There is also no indication, however, that Columbia sought to collect more than the amount Linden Square reported was due. The FDCPA only imposes a limited verification requirement if, within the thirty-day validation period following a debt collector's initial communication to the debtor, the debtor notifies the collector in writing that the debt or a portion of it is disputed. 15 U.S.C. § 1692g(a)(4). If a timely written dispute is received, the debt collector satisfies the verification obligation by "confirming in writing that the amount being demanded is what the creditor is claiming is owed" before continuing collection efforts. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173–74 (9th Cir. 2006). No provision of the FDCPA requires collectors to verify the accuracy of a debt before collecting on it. *Jenkins v. Heinz*, 124 F.3d 824, 833-34 (7th Cir. 1997) (Debt collectors are not required to "conduct an independent investigation into the legal intricacies of the client's contract with the consumer."). *Abdollahzadeh v. Mandarich L. Grp., LLP*, 922 F.3d 810, 817 (7th Cir. 2019)

DEFENDANT'S TRIAL BRIEF –Page 10

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Ste. 2000
Portland, OR 97201
Telephone: (503) 382-3844
Facsimile: (503) 616-36002

(citation omitted) (the FDCPA does not "demand perfection, and independent verification of the debt is not a prerequisite" to lawful collection efforts).

There is no claim that Columbia ever sought any judgment against plaintiffs at all, let alone an improper one. There is no claim that Columbia garnished, or attempted to garnish, either plaintiff's wages or bank accounts.

To recover damages, plaintiffs must establish how defendant's specific conduct that violated the statutes caused the damages they claim to have suffered. Mr. Johnson claims only $40.00 in expenses incurred seeking legal counsel. Ms. Puloka identifies no injury to business or property. Neither Mr. Johnson nor Ms. Puloka have identified any evidence that satisfies the requirements under Washington law for recovery of purely emotional distress damages, as the FDCPA requires.

Columbia's former employee spoke in error when she told Mr. Johnson that a judgment had been entered and a garnishment issued. There is no evidence that her misstatements were malicious, or intentional, or anything other than a misunderstanding about the outcome of the lawsuit that Linden Square filed. There is also no evidence that her misstatements harmed Mr. Johnson, other than that he had to investigate to determine they were made in error, and no evidence that they harmed Ms. Puloka, who learned of them third-hand from Mr. Johnson. There is also no evidence that Columbia is responsible for any error, if one occurred, in the Account Statement prepared by Linden Square.

Not every violation of a statute results in actual damages. The Court has ruled that the employee's misstatements violated the FDCPA and the CPA, but that does not answer the

DEFENDANT'S TRIAL BRIEF –Page 11

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Ste. 2000
Portland, OR 97201
Telephone: (503) 382-3844
Facsimile: (503) 616-36002

question of whether Mr. Johnson and Ms. Puloka suffered actual damages as a result. The evidence identified by plaintiffs does not support a finding of significant actual damages.

Dated: May 19, 2021               GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Sean P. Flynn*
Kelly F. Huedepohl, WSBA No. 53456
Sean P. Flynn (PHV)
khuedepohl@grsm.com
sflynn@grsm.com

*Attorneys for Defendant COLUMBIA DEBT RECOVERY, LLC, dba GENESIS*
Gordon Rees Scully Mansukhani, LLP
1300 SW Fifth Ave., Ste. 2000
Portland, OR 97201
Phone: (503) 382-3844
Fax: (503) 616-3600

DEFENDANT'S TRIAL BRIEF –Page 12

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Ste. 2000
Portland, OR 97201
Telephone: (503) 382-3844
Facsimile: (503) 616-36002

1234098/57964399v.1