UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONIO JOHNSON AND OLIVIA PULOKA,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA DEBT RECOVERY, LLC dba GENESIS CREDIT MANAGEMENT, LLC,<br><br>Defendant. | Case No. C20-573RSM<br><br>AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW |

## I.   INTRODUCTION

A bench trial was held in this matter on May 25, 2021, with virtual live testimony from Plaintiffs and exhibits submitted by both parties. The Court had previously found Defendant Columbia Debt Recovery, LLC dba Genesis Credit Management, LLC liable for violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692e and 1692f and the Washington Collection Agency Act ("WCAA"). Dkt. #12.

The key issues of law at trial were: 1) what damages are available to Plaintiffs Antonio Johnson and Olivia Puloka under the FDCPA and 2) what damages are available under the Washington Consumer Protection Act (Title 19.86 RCW) for violation of the WCAA.

AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

## II.	CREDIBILITY OF THE WITNESSES

"In an action tried on the facts without a jury... the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a). The trial court is empowered to judge the credibility of the witnesses. *See Spokane Arcade, Inc. v. City of Spokane*, 75 F.3d 663, 665 (9th Cir. 1996); *Zivkovic v. S. Cal. Edison Co.*, 105 Fed. Appx. 892, 893 at n.1 (9th Cir. 2004) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575, 84 L. Ed. 2d 518, 105 S. Ct. 1504 (1985)).

The Court specifically finds that witnesses Antonio Johnson and Olivia Puloka were credible. Their answers during testimony were complete and appeared honest, and their observed demeanor leads the Court to conclude that they were truthful about their own experiences and observations.

## III.	FINDINGS OF FACT

The Court incorporates by reference the facts as detailed in its Order Granting Plaintiffs' Motion for Partial Summary Judgment, Dkt. #12, and the Admitted Facts in the Pretrial Order submitted by Plaintiffs. *See* Dkt. #22. The following additional findings of fact are made by the Court and are based upon a preponderance of the evidence presented at trial and the above credibility analysis.

1. Plaintiffs Antonio Johnson and Olivia Puloka are natural persons residing in the state of Washington. Plaintiffs are consumers as defined by 15 U.S.C. § 1692a(3) and debtors and defined by RCW 16.16.100(8).

2. Defendant Columbia Debt Recovery is a debt collector as defined by 15 U.S.C. §1692a(6) and a collection agency as defined by RCW 19.16.100(4).

AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW - 2

3. Defendant attempted to collect amounts in excess of what was owed on multiple occasions, including the following:

    a. A November 26, 2019, phone call with Antonio Johnson.

    b. A November 27, 2019, phone call with Antonio Johnson.

    c. A December 2, 2019, phone call with Antonio Johnson.

    d. A January 10, 2020, letter sent to Plaintiffs.

    e. Repeated and ongoing credit reporting of an inflated balance to both Plaintiffs' credit.

4. In these calls and letters, Defendant made numerous false and misleading statements in an attempt to collect a debt, including but not limited to: stating that a judgment had been entered for the alleged debt, that Plaintiffs' wages would be garnished, that Plaintiffs had been evicted, and that various charges and fees were legitimate. Defendant had no basis to support those statements, and has admitted that they were made in error.

5. Given the facts of this case as stated above and stated in incorporated filings, Plaintiffs have suffered actual damages for the amounts that they spent out of pocket in consulting with an attorney to determine their legal rights and responsibilities. Such actual damages are in the amount of $40.00, as determined both by Plaintiffs' testimony and by the uncontroverted evidence submitted on summary judgment. Plaintiffs have suffered actual damages in the form of emotional distress totaling $30,000 each. This number is based on the testimony of Plaintiffs, about themselves and their observations of each other, explaining how Defendant's actions repeatedly harmed them both by causing stress, anxiety, feelings of

AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW - 3

helplessness and hopelessness, and other forms of general emotional distress. This emotional distress occurred at a particularly vulnerable time for both Plaintiffs, as they were experiencing the joy and challenges of raising a new baby.

### IV.   CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and this dispute under federal law.

2. The Court adopts its previous legal rulings as detailed in its Order Granting Plaintiffs' Motion for Partial Summary Judgment, Dkt. #12, as conclusions of law. In that Order, the Court ruled that Defendant's conduct violated multiple sections of the FDCPA, including 15 U.S.C. 1692 §§ 1692e, e(2), e(8), 15 U.S.C. § 1692f. *Id.* Additionally, this Court ruled that Defendant violated RCW 19.16.250(21) by attempting to collect amounts not owed. *Id*.

3. Defendant argued at trial that Plaintiffs must pass the significantly higher requirements of an intentional infliction of emotional distress claim under state law to recover emotional distress damages under the FDCPA. *See* Dkt. #28 (citing *Genschorck v. Suttell & Hammer, P.S.*, No. 12-CV-0615-TOR, 2013 WL 6118678, at *4–5 (E.D. Wash. Nov. 21, 2013)). Defendant misreads this case. *See, e.g, Russell v. GC Servs. Ltd. P'ship*, 476 F. Supp. 3d 1097, 1103 (E.D. Wash. 2020) ("In *Genschorck v. Sutttell & Hammer, P.S.*, a different judge in this district concluded that plaintiffs need not meet the heightened, state law IIED standard in order to prove emotional distress damages under the FDCPA…. The Court is persuaded by the reasoning in *Genschorck* and can find no reason to apply a heightened standard for actual damages under the FDCPA."). Plaintiffs did not need to meet the intentional infliction of emotional distress standard to recover in this FDCPA, WCAA/WPA case.

AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4

4. Plaintiff is entitled to actual damages in this case under the Fair Debt Collection Practices Act ("FDCPA"), including emotional distress. 15 U.S.C. § 1692k; *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011).

5. Emotional distress is established though the testimony of each Plaintiff about themselves and their observations of each other. Expert testimony is not a requirement.

6. Based on the facts and circumstances in this case, including Defendant's continued refusal to accept that it is liable under the FDCPA despite the Court's prior ruling and continued adverse credit reporting as to Ms. Puloka, Plaintiffs are entitled to the maximum statutory damages under the FDCPA in the amount of $1,000 per Plaintiff. *See* 15 U.S.C. § 1692k(a)(2)(A).

7. Plaintiffs are entitled to actual damages under the Washington Collection Agency Act ("WCAA") and Consumer Protection Act ("CPA"). RCW 19.16.440 and RCW 19.86 et seq. Such actual damages, $40, were incurred by Mr. Johnson when he paid for parking and gas in seeking an attorney.

8. Based on the facts and circumstances in this case, treble damages are appropriate in pursuant to RCW 19.86.090 to deter and punish defendant from further violations. *Mason v. Mortg. Am., Inc.*, 114 Wn.2d 842, 855 (1990). The amount of damages subject to trebling are, as stated above, $40, which is hereby trebled to a total of $120.

9. Plaintiffs are entitled to costs of suit together with reasonable attorney's fees under the FDCPA as well as the WCAA/CPA. 15 U.S.C. § 1692k; RCW 19.16.440; RCW 19.86.090. Plaintiffs shall file a petition for fees and costs, which will be heard after this case is closed below.

AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW - 5

10. Having fully considered the evidence presented at trial, the exhibits admitted into evidence, and the argument of counsel, and being fully advised, the Court finds in favor of Plaintiff Johnson in the total amount of $31,120. The Court finds in favor of Plaintiff Puloka in the total amount of $31,000. The clerk shall enter judgment accordingly.

11. This matter is now CLOSED.

It is so ORDERED.

DATED this 17th day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW - 6